**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

PEAK TRUST COMPANY-AK,

    **Plaintiff**,

v.

PEAK TRUST FINANCIAL GROUP, INC. AND PEAK TRUST FINANCIAL COMPANIES, INC.,

    **Defendants**.

**COMPLAINT AND JURY DEMAND**

Plaintiff Peak Trust Company-AK ("PTC"), by its attorneys, Davis Graham & Stubbs LLP, for its Complaint against Defendants Peak Trust Financial Group, Inc. ("PTFG") and Peak Trust Financial Companies, Inc. ("PTFC" and collectively with PTFG, "Defendants"), states as follows:

**I.  NATURE OF ACTION**

1. This is an action for injunctive and monetary relief arising from the wrongful actions of Defendants while competing with PTC in the market for wealth management and other financial services. Defendants have purposefully infringed upon PTC's trademark rights, engaged in acts of unfair competition, and violated other consumer protection laws. Defendants' wrongful actions have included, but are not limited to, changing their names from "Puritan Financial Companies, Inc." and "Puritan Financial Group, Inc." to the confusingly similar

"Peak Trust Financial Companies, Inc." and "Peak Trust Financial Group, Inc.," respectively, and promoting and marketing their competing financial services using a mark intended to cause consumer confusion with PTC's federally-registered trademark. Defendants undertook their wrongful actions with the goal of riding on PTC's coattails and benefitting from PTC's good name and associated goodwill.

## II. PARTIES

2. Plaintiff Peak Trust Company-AK is a chartered trust company incorporated under the laws of Alaska and has its principal place of business at 3000 A Street, Suite 200, Anchorage, AK 99503.

3. Defendant Peak Trust Financial Group, Inc. was formed as "Puritan Financial Group, Inc." in 1998 under the laws of Texas. Its principal place of business is at 2800 North Dallas Parkway, Plano, Texas 75093.

4. Defendant Peak Trust Financial Companies, Inc. was formed as "Puritan Financial Companies, Inc." in 2006 under the laws of Texas. Its principal place of business is at 2800 North Dallas Parkway, Plano, Texas 75093.

## III. JURISDICTION AND VENUE

5. This is a civil action for Federal Trademark Infringement, arising under the Federal Trademark Act (Lanham Act) of 1946, 15 U.S.C. § 1051 *et seq.*, and for related claims.

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. All state and common law claims in this action arise from the same transaction or occurrence, such that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

7. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and the lawsuit involves residents of different states.

8. This Court has personal jurisdiction over Defendants pursuant to C.R.S. § 13-1-124 because Defendants have purposefully directed their activities and availed themselves of the privilege of carrying out business in Colorado, and the claims and damages in this lawsuit arise from those activities. Specifically, Peak Trust Financial Group, Inc., formerly Puritan Financial Group, Inc., registered with the Colorado Secretary of State as a foreign entity in 2011. (*See* Exhibit 1.) Peak Trust Financial Group, Inc., formerly Puritan Financial Group, Inc., also is licensed with the Colorado Division of Insurance as a "non-resident agency." (*See* Exhibit 2.)

9. Upon information and belief, PTFC is the parent or holding company of PTFG and exercises a significant degree of control over PTFG's decision making. (*See* Exhibit 3 (LinkedIn page for PTFC describes PTFG's business and directs reader to the website for PTFG (http://www.peaktrustfinancial.com)).)

10. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

### IV. GENERAL ALLEGATIONS

**A.     PTC's Business**

11. Since its inception in 1997, PTC has provided trust administration and wealth and investment management services to its clients in certain states while working with grantors and settlors in various states around the country, including Colorado. (*See* Exhibit 4 (PTC's

"Services" webpage).) As a chartered trust company, PTC provides fiduciary services and is overseen by the Alaska Division of Banking and Securities.

12. Since at least as early as April 2016, PTC has continuously used the "Peak Trust Company" trademark ("PTC Mark") in commerce throughout the United States to market and promote its trust and wealth management services.

13. Over the past several years, PTC has invested significant amounts of time and money promoting and marketing its financial services using the PTC Mark.

14. Due to these efforts, the PTC Mark is widely recognized by the public as a designation of the source of PTC's services.

15. PTC owns all right, title, and interest in and to the PTC Mark in the United States.

16. PTC owns all right, title, and interest in and to the following federal registration for the PTC Mark: U.S. Registration No. 5,209,033 in Class 36 (published for opposition on March 7, 2017 and registered on May 23, 2017). (*See* Exhibit 5.)

17. PTC also owns strong common-law rights to the PTC Mark which are derived from its consistent and continuous use of the PTC Mark in connection with its services since as early as April 2016.

18. PTC registered the domain name peaktrust.com in or around May 2015 and since the website's go-live date PTC has continually owned and maintained the website for the purpose of promoting and marketing its services to customers.

19. In or around May 2015, PTC also registered other domain names similar to peaktrust.com: peaktrust.net, peaktrustak.com, peaktrustnv.com.

### B. Defendants' Competing Business

20. Defendant Peak Trust Financial Companies, Inc. was originally formed as "Puritan Financial Companies, Inc." in November 2006. Pursuant to a certificate of amendment filed with the Secretary of State of Texas, the entity changed its name to Peak Trust Financial Companies, Inc. on July 30, 2019. (*See* Exhibit 6.)

21. Defendant Peak Trust Financial Group, Inc. was originally formed as "Puritan Financial Group, Inc." in June 1998. Pursuant to a certificate of amendment filed with the Secretary of State of Texas, the entity changed its name to Peak Trust Financial Group, Inc." on July 30, 2019. (*See* Exhibit 7.)

22. Defendants provide income, estate, investment, and retirement planning services to their customers. (*See* Exhibit 8 (Defendants' "About Us" webpage).) Defendants' website provides that they are "not a chartered bank or trust company," are "not authorized to accept deposits or trust accounts," and are "not licensed or regulated by any state or federal banking authority." (*See* Exhibit 9.)

23. Defendants' services are very similar to those offered by PTC, with the exception that PTC is licensed to provide fiduciary and trustee services in addition to wealth management services.

24. Defendants market and promote their services in the United States, including in Colorado, to the same or similar customers as those to whom PTC's marketing efforts are directed.

### C. Defendants' Mark Creates A Likelihood of Consumer Confusion and Misleads Consumers

25. In 2019, Defendants changed their names to Peak Trust Financial Group, Inc. and Peak Trust Financial Companies, Inc. and began promoting and marketing their services to customers in the United States, including in Colorado, using the Peak Trust Financial Group name and/or logo ("PTFG Mark").

26. The PTFG Mark is not currently a registered trademark in the United States.

27. The PTFG Mark is confusingly similar to the PTC Mark, and is likely to cause confusion. For example, one of Defendants' customers recently contacted PTC to discuss a life insurance product as well as internet access to their account.

28. Defendants were aware that there was a likelihood of consumer confusion, and intended to benefit from this confusion and the goodwill associated with the PTC Mark, when they chose to market and promote their financial services using the PTFG Mark.

29. Upon information and belief, Defendants intended to mislead customers searching for PTC's website regarding the connection or affiliation between Defendants and PTC.

30. Upon information and belief, Defendants intentionally attempted to benefit from PTC's acquired reputation and goodwill in the PTC Mark.

31. Upon information and belief, Defendants have unfairly and unjustly benefitted or will benefit from consumer confusion between PTC and Defendants.

### E. Defendants' Use of the PTFG Mark For Their Competing Services Injured PTC

32. PTC informed Defendants about their infringing conduct and demanded that Defendants stop their infringing conduct, including but not limited to marketing their competing service using the confusingly similar PTFG Mark.

33. Despite having notice regarding their infringing conduct, to date, Defendants have refused to stop using the PTFG Mark.

34. Upon information and belief, Defendants have generated, or will generate, substantial amounts of revenue from customers confused by Defendants' use of the PTFG Mark to promote and market their competing services.

35. Upon information and belief, Defendants' use of the PTFG Mark has damaged the PTC Mark and PTC has lost customers or may lose customers due to consumer confusion between the PTC Mark and the PTFG Mark. Importantly, Defendants' disclaimer that they are not a "chartered bank or trust company" may deter confused customers away from using PTC's services, despite PTC being a chartered trust company authorized to provide trustee services.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

36. PTC incorporates by reference each of its allegations herein.

37. PTC owns both the statutory and common law rights to the PTC Mark.

38. Defendants' use of the similar PTFG Mark in interstate commerce to promote and market their competing service creates a likelihood of consumer confusion.

39. Defendants have violated 15 U.S.C. § 1114 by infringing the PTC Mark in interstate commerce through various acts, including by changing their names and promoting and marketing their competing service using the confusingly similar PTFG Mark.

40. Defendants' acts of infringement have been committed with the intent to cause confusion, mistake, and to deceive.

41. As a result of Defendants' willful and intentional infringement of the PTC Mark, PTC has and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

42. PTC has experienced economic losses as a result of Defendants' willful and intentional infringement of the PTC Mark in an amount to be proven at trial.

WHEREFORE, PTC seeks relief as set forth at the end of this Complaint.

### SECOND CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

43. PTC incorporates by reference each of its allegations herein.

44. PTC owns common law rights to the PTC Mark and has a protectable interest in the Mark.

45. Defendants' use of the similar PTFG Mark in commerce to promote and market their competing service creates a likelihood of consumer confusion, and therefore constitutes trademark infringement in violation of the common law of the State of Colorado and other states.

46. Defendants' acts of infringement have been committed with the intent to cause confusion, mistake, and to deceive.

47. As a result of Defendants' willful and intentional infringement of the PTC Mark, PTC has and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

48. PTC has experienced economic losses as a result of Defendants' willful and intentional infringement of the PTC Mark in an amount to be proven at trial.

WHEREFORE, PTC seeks relief as set forth at the end of this Complaint.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment, 28 U.S.C. § 2201)**

49. PTC incorporates by reference each of its allegations herein.

50. PTC owns the rights to the PTC Mark.

51. PTC has a protectable interest in the PTC Mark.

52. PTC has the right to exclude others from using a mark in commerce that is confusingly similar to the PTC Mark.

53. Defendants' use of the confusingly similar PTFG Mark in interstate commerce has created consumer confusion with the PTC Mark.

54. Defendants' use of the confusingly similar PTFG Mark in interstate commerce is likely to continue to create consumer confusion with the PTC Mark.

55. PTC, therefore, asks this Court to declare that: (i) Defendants' use of the PTFG Mark to promote and market Defendants' services creates a likelihood of consumer confusion with the PTC Mark; (ii) Defendants' use of the PTFG Mark to promote and market Defendants' services infringes the PTC Mark and PTC's rights in the PTC Mark; and (iii) Defendants are not allowed to use the PTFG Mark, or any other similar mark, to promote or market their services in the United States.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition, 15 U.S.C. § 1125(a)(1)(A) and (B))**

56. PTC incorporates by reference each of its allegations herein.

57. In the course of business, and through channels of interstate commerce, Defendants promote and market their services using the PTFG Mark.

58. Defendants' use of the PTFG Mark in connection with services (including but not limited to promotion and marketing of such services) is likely to cause confusion, cause mistake, and to deceive as to the affiliation, connection, and association of Defendants with PTC, and is likely to cause confusion regarding PTC's sponsorship or approval of Defendants' services.

59. Defendants' use of the PTFG Mark in connection with their services is a violation of 15 U.S.C. § 1125(a)(1)(A).

60. Defendants' use of the PTFG Mark in connection with their services is deceptively misleading and/or false.

61. Defendants' use of the PTFG Mark in connection with their services constitutes false and/or misleading advertising and is a violation of 15 U.S.C. § 1125(a)(1)(B).

62. Defendants have willfully misused the PTFG Mark in connection with their services, and in doing so, have caused and will continue to cause damages to PTC until such time as it is permanently enjoined by this Court.

WHEREFORE, PTC seeks relief as set forth at the end of this Complaint.

## FIFTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

63. PTC incorporates by reference each of its allegations herein.

64. The PTC Mark is widely recognized and serves a source-identifying purpose when used in connection with PTC's trustee services and wealth management services.

65. Defendants' use of the PTFG Mark is likely to deceive the public regarding the source of the services, and therefore constitutes unfair competition in violation of the common law of the State of Colorado and other states.

66. Defendants' acts have been willful and deliberate.

67. Defendants' actions have been committed willfully with the intent to damage PTC and divert business from PTC and have caused, and will continue to cause, damage to PTC.

WHEREFORE, PTC seeks relief as set forth at the end of this Complaint.

## SIXTH CLAIM FOR RELIEF
**(Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq*.)**

68. PTC incorporates by reference each of its allegations herein.

69. In the course of business, and through channels of interstate commerce, Defendants promote and market their services around the country, including in Colorado, using the PTFG Mark.

70. Defendants have no right to, and are not authorized to use, the PTC Mark.

71. Defendants' use of the PTFG Mark is misleading and/or false, in that, among other things, it is a misleading or false representation regarding the affiliation, connection, and/or association between PTC and Defendants.

72. Defendants' false and/or misleading use of the PTFG Mark has been knowing, willful, and deliberate.

73. Defendants' conduct constitutes deceptive business practices in violation of C.R.S. § 6-1-101 *et seq.*, including C.R.S. § 6-1-105.

74. Defendants' actions have been committed willfully with the intent to damage PTC and divert business from PTC and have caused and will continue to cause damage to PTC until such time as it is permanently enjoined by this Court.

WHEREFORE, PTC seeks relief as set forth at the end of this Complaint.

### VI. DEMAND FOR RELIEF

WHEREFORE, PTC demands judgment in its favor, and against Defendants, plus the following additional relief:

75. Entry of a preliminary and permanent injunction enjoining and restraining Defendants, their officers, agents, servants and/or employees, and all persons in active concert with them from:

    a. Infringing the PTC Mark, including using the PTFG Mark or any other confusingly similar mark;

    b. Engaging in any false and/or misleading marketing or promotion that misrepresents the relationship between PTC and Defendants; and

    c. Engaging in any acts of unfair competition against PTC.

76. Entry of a declaration that: (i) Defendants' use of the PTFG Mark to promote and market Defendants' services creates a likelihood of consumer confusion with the PTC Mark; (ii) Defendants' use of the PTFG Mark to promote and market Defendants' services infringes the PTC Mark and PTC's rights in the PTC Mark; and (iii) Defendants are not allowed to use the PTFG Mark or any other confusingly similar mark to promote or market its services in the United States.

77. Damages in an amount to be proven at trial, including but not limited to (i) the Defendants' profits and/or (ii) PTC's actual damages.

78. Treble damages, as permitted by C.R.S. § 6-1-113, 15 U.S.C. § 1117, and other applicable law.

79. Reasonable attorneys' fees and costs, including expert witness fees as permitted by law;

80. Prejudgment and post-judgment interest at the highest allowable legal rates; and

81. Such other and further relief as the Court deems just and proper.

- 13 -

## DEMAND FOR JURY TRIAL

PTC hereby demands a trial by jury of all issues so triable.

Dated: March 11, 2020

    *s/ Kenzo S. Kawanabe*
Kenzo S. Kawanabe
Aditi Kulkarni-Knight
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email:  kenzo.kawanabe@dgslaw.com
       aditi.kulkarni@dgslaw.com

*Attorneys for Plaintiff Peak Trust Company-AK*